```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
ASESORES Y CONSEJEROS ACONSEC CIA,
S.A., d/b/a CORONEL Y PEREZ
ABOGADOS,

                    Plaintiff,         MEMORANDUM OPINION

        -against-

                                       08 Civ. 9384 (MGC)
GLOBAL EMERGING MARKETS NORTH
AMERICA, INC.,

                    Defendant.

----------------------------------X


APPEARANCES:

        VENABLE LLP
        Attorneys for Plaintiff
        1270 Avenue of the Americas
        New York, New York 10020

        By:  Brian C. Dunning, Esq.
             Irene Ribeiro Gee, Esq.

        THE ROTH LAW FIRM, PLLC
        Attorneys for Defendant
        295 Madison Avenue, 22nd Floor
        New York, New York 10017

        By:  Richard A. Roth, Esq.

        COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.
        Trial counsel for Defendant
        900 Third Avenue, 16th Floor
        New York, New York 10022

        By:  Steven L. Klepper, Esq.
             Damon T. Kamvosoulis, Esq.
             Neoma M. Ayala, Esq.
```

**Cedarbaum, J.**

Ecuadorian law firm Asesores y Consejeros Aconsec CIA, S.A. ("Asesores") sued investment bank Global Emerging Markets North America, Inc. ("GEM") for failure to pay attorney's fees accrued in connection with a due diligence project conducted by Asesores in 2007 and 2008. After a two-day bench trial, I ruled that Asesores proved its claim of breach of contract and I awarded damages in the amount of $176,834.23. See Asesores y Consejeros Aconsec CIA, S.A. v. Global Emerging Mkts. N. Am., Inc., --- F. Supp. 2d ---, 2012 WL 86342 (S.D.N.Y. Jan. 11, 2012). Asesores then moved to have its trial counsel's fees paid by GEM or GEM's trial counsel. On February 22, 2012, I held a show cause hearing to determine whether the burden of Asesores' attorney's fees should be shifted. The motion is now granted for the reasons that follow.

Under the so-called American Rule, a prevailing party is typically not entitled to recover reasonable attorney's fees from the losing party. Chambers v. NASCO, Inc., 501 U.S. 32, 45 (1991). However, certain statutory and judge-made exceptions to this rule permit a district court to shift fees. The Second Circuit has held that rules regarding the shifting of attorney's fees are substantive and, therefore, in diversity cases, the state laws governing fee shifting apply. Lewis v. S. L. & E., Inc., 629 F.2d 764, 773 n.21 (2d Cir. 1980) (citing Alyeska

<u>Pipeline Serv. Co. v. Wilderness Soc'y</u>, 421 U.S. 240, 259 n.31 (1975)).  Neither party argues that New York's choice of law rules require the application of Ecuadorian rules on the availability of attorney's fees.[1]

In New York, "the court, in its discretion may impose financial sanctions upon any party . . . who engages in frivolous conduct."  N.Y. Comp. Codes R. & Regs. tit. 22 § 130-1.1(a).  Conduct is defined to be frivolous if: (1) it is completely without merit in law and cannot serve as a reasonable argument to extend or modify existing law; (2) it is undertaken to delay or prolong litigation or harass or maliciously injure another; or (3) it asserts material factual statements that are false.  <u>Id.</u> at § 130-1.1(c).  The court must consider the time available for investigating the basis for the conduct and whether the conduct continued after it should have been apparent it lacked an adequate legal or factual basis.  <u>Id.</u>

In this case, GEM took frivolous legal positions that had no basis in law and maintained factual assertions wholly unsupported by testimony.  As set forth in more detail in the

---

[1] Even if federal law applies, the result of the motion would be the same under a federal court's inherent powers.  <u>See</u> <u>United States v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers</u>, 948 F.2d 1338, 1345 (2d Cir. 1991) (providing that inherent powers allow a court to "assess costs and attorneys' fees against either the client or his attorney where a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons'" (quoting <u>Alyeska</u>, 421 U.S. at 258-59 (1975)) (internal quotation marks omitted)).

bench trial opinion, GEM engaged Asesores to complete due diligence on an Ecuadorian company it was seeking to purchase on behalf of investors.  Asesores sent GEM an engagement letter that clearly advised GEM of its billing rates and practices.  Without comment on the fee structure, GEM urged Asesores to complete its work quickly.  Asesores delivered the due diligence report and GEM made no objection to its quality.  GEM was unable to obtain financing, however, and the purchase of the Ecuadorian company was never completed.  When Asesores repeatedly demanded payment of its fees, GEM avoided the issue until, months later, it claimed it need not pay the fees on the ground that the deal did not close.

GEM had not told Asesores that it had no intent to pay a lawyer for due diligence on an expedited basis if GEM were itself unable to get financing for the acquisition.  At most, GEM's representative had informed Asesores at the parties' initial meeting that GEM's customary practice was to pay attorneys only contingent upon success of the deal.  This single statement is not enough to maintain such a contractual right.  Further, Asesores played no role in the attempt to obtain financing and its due diligence was unrelated to the deal collapsing.  GEM knew that the engagement letter had a standard retainer and made no effort to make payment contingent on

4

success.  Yet for nearly four years it persisted in refusing payment.

GEM chose not to pay Asesores for the work Asesores competently completed.  GEM had no justification for this decision and needlessly forced Asesores, an Ecuadorian law firm, to retain an American lawyer to file a lawsuit in this court in New York.  GEM's conduct during trial met all three definitions of frivolous under New York law: its assertions were without merit in law; it made factual material statements that were false; and its conduct only could have been taken to prolong resolution of the litigation.

Asesores has submitted billing records that show that its lawyers accrued $263,014.18 in fees and costs during the litigation.  There is no dispute that these billing records are authentic.  Further, the amount is reasonable for litigation in New York of this complexity and duration.

**CONCLUSION**

For the foregoing reasons, Asesores' motion to recover the fees of its trial counsel from GEM in the amount of $263,014.18 is granted.

The Clerk is directed to close the case.

SO ORDERED.

Dated:   New York, New York
         July 30, 2012

                                    S/_____
                                       MIRIAM GOLDMAN CEDARBAUM
                                       United States District Judge